2009 OK JUD ETH 3

**JUDICIAL ETHICS OPINION 2009–3.**

No. 2009–3.

Oklahoma Judicial Ethics Advisory Panel.

Dec. 18, 2009.

¶ 1 Question(s): Should a judge who is presiding over a class action lawsuit, for a period exceeding three years, and during which interim the judge applied (unsuccessfully) for appointment to an appellate court, recuse from the final hearing to approve settlement of the suit and fix attorneys fees, where the judge believed that some of the attorneys in the case may have made recommendations to the Judicial Nominating Commission on behalf of the judge?

¶ 2 Facts: 1. While presiding over the case the judge made application for a vacant position on the Court of Civil Appeals.

¶ 3 2. One of the judge's supporters for the position recommended he contact several lawyers to solicit their support, including two lawyers who were attorneys in the class action suit.

¶ 4 3. The judge, feeling it was inappropriate to contact these lawyers who were attorneys of record in the pending case, did not contact them but thought perhaps the lawyers who had suggested them had done so and that perhaps they had made contact on his behalf. In fact, the attorneys realized that such conduct might raise ethical questions and did in fact make no contacts.

¶ 5 4. The judge has disclosed the matter to all parties in the case, and it was only after such disclosure that the attorneys advised him that they had taken no action.

¶ 6 Answer(s): Not required *per se.*

¶ 7 Discussion: Canon 2 provides "a judge should avoid impropriety and the appearance of impropriety in all of the Judge's activities."

¶ 8 Canon 3 E(1) provides "a judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned ..."

¶ 9 Even had the attorneys made a recommendation on behalf of the judge, automatic recusal would not be required. The question is analogous to one which we addressed in Judicial Ethics Opinion 2007–3 as to whether a judge is required to recuse from an attorney's cases should the attorney have supported the judge financially, or otherwise, in an election campaign. We concluded that the judge was not compelled to automatically recuse and cited *Pierce v. Pierce,* 2001 OK 97, 39 P.3d 791, in which the Supreme Court held that the "mere fact of a lawyer's contribution to a judge's campaign does not *per se* require the judge's disqualification when the lawyer comes before him"

¶ 10 We reiterate that *Pierce* teaches that the judge should disclose to the parties an on the record any information which the judge believes the parties or their attorneys might consider relevant to the question of disqualification, and if asked to recuse, act in accordance with District Court Rules regarding the same.

/s/ Robert L. Bailey, Chairman

/s/ Milton C. Craig, Secretary

/s/ Robert E. Lavender